No. 24,223.

THE STATE BANK OF DODGE CITY, *Appellee*, v. GEORGE W. FOWLER, et al., *Appellants*.

SYLLABUS BY THE COURT.

ACCEPTED DRAFTS—*Fraud in Their Procurement Not Established.* The evidence in an action to recover on acceptances of drafts, considered, and held insufficient to take to the jury defenses that the acceptances were procured by fraud and the plaintiff was not a holder in due course.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed May 12, 1923. Affirmed.

*Walter L. Bullock,* of Dodge City, *Edgar Foster,* and *Horace J. Foster,* both of Garden City, for the appellants.

*A. B. Reeves,* of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the State Bank of Dodge City to recover on two acceptances of $250 each, of drafts drawn on George W. Fowler by the Producers' Consolidated Oil Company, payable to its order, and duly indorsed. A verdict was directed for the plaintiff, and the defendants appeal.

The defense was that the acceptances were procured by fraud, and the plaintiff was not the holder in due course.

The oil company established a filling station at Dodge City. Funds for the enterprise were supplied by Fowler and others, who, for each acceptance of $250, received a "purchase order" entitling the acceptor to $500 worth of oil from the station. The allegation in the answer was that the scheme was devised to defraud those who accepted drafts and received purchase orders. The proof was, the station was built, Fowler received about $225 worth of oil on his purchase orders, and the project failed because the officers of the oil company absconded with its funds and rendered it insolvent. There was no proof the project was even financially unsound and, except for dishonesty of the managers of the oil company, Fowler and others in his situation would doubtless have received two dollars in merchandise for each dollar invested, and then the oil company would have been the owner of the filling station.

The evidence offered for the purpose of showing the bank was

The State, *ex rel.*, v. School District.

not a holder in due course consisted of conversations between the president of the bank and acceptors other than Fowler, relating to their paper. It is not necessary to review the evidence. Giving it full effect, it was wholly insufficient to overcome the statutory presumptions attending the paper sued on, and had no tendency to prove the plaintiff acquired it in bad faith. From abundance of caution the plaintiff proved all the details of its acquisition of the drafts, and established beyond distrust of the suspicious that it was a holder in due course. The judgment rests, however, on failure to produce sufficient evidence to take the defense to the jury and, being well based, the judgment is affirmed.